NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| YOUNG HO PAK; et al., <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  15-70464 <br><br> Agency Nos.  A099-716-680 <br> A099-716-681 <br> A099-716-682 <br> A099-716-683 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2018**
Pasadena, California

Before:  IKUTA and OWENS, Circuit Judges, and GILLIAM,*** District Judge.

Young Ho Pak and his family, all of whom are natives of North Korea and

citizens of South Korea, petition for review of the Board of Immigration Appeals'

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") as to both North Korea and South Korea. We review the BIA's legal determinations de novo. *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1056 (9th Cir. 2010). We review for substantial evidence the agency's credibility determinations, applying the standards created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. The agency did not err in determining that the Pak family is not eligible for asylum from North Korea due to their firm resettlement in South Korea. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); *see also* 8 C.F.R. § 208.15. The Paks do not challenge the agency's factual determination that they were granted citizenship in South Korea, which constitutes prima facie evidence of "firm resettlement." 8 C.F.R. § 208.15; *Maharaj v. Gonzales*, 450 F.3d 961, 973, 976–77 (9th Cir. 2006) (en banc). Rather, they argue that Section 302 of the North Korean Human Rights Act of 2004 ("NKHRA"), 22 U.S.C. § 7842, precludes application of the "firm resettlement" doctrine altogether. But in *Jang v. Lynch*, we held that the NKHRA "does not affect the analysis of firm resettlement for a North Korean who flees to South Korea." 812 F.3d 1187, 1191–92 & n.2 (9th Cir. 2015). Accordingly, the

BIA properly rejected the Paks' argument that the NKHRA precludes application of the firm-resettlement doctrine to their asylum application.[1]

2. As to the Paks' claim for asylum from South Korea, under the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination. Specifically, the agency reasonably relied on Mr. Pak's inconsistent written and oral testimony regarding the dates and duration of his detention in North Korea, the dates of his attendance at military college, and the country of birth listed on his B-2 visa application. *See Shrestha*, 590 F.3d at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."); *id*. at 1048 (holding that an adverse credibility finding was reasonable under the totality of the circumstances).

The Paks' explanation for the inconsistencies does not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Notably, the IJ specifically asked the Paks' counsel why he had failed to provide any medical

---

[1] Alternatively, the Pak family argues that even if the firm-resettlement doctrine applies, their residency in South Korea was "a necessary stop on their flight from persecution" and the conditions of their residence were "substantially and consciously restricted by the authority of South Korea," so they qualify for either or both of the two exceptions to the firm-resettlement doctrine. *See* 8 C.F.R. § 208.15. But because they did not raise these arguments in their brief to the BIA, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

evidence demonstrating that Mr. Pak experienced memory failure, and counsel responded that he had been unaware of those memory problems until the hearing itself. And the Paks have not offered any explanation for their failure to provide corroborating evidence from sources outside of North Korea, such as Mr. Pak's brother (who, according to Mr. Pak's asylum application, lives in South Korea, or the doctor that Gyong Hui Kim, Mr. Pak's wife, testified Mr. Pak had seen in the United States regarding his memory problems.

In the absence of credible testimony and corroborating evidence, the Paks have not met their burden of demonstrating eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Their CAT claim also fails because it rests on the same testimony the agency found not credible, and the Paks point to no other evidence showing it is more likely than not that they will be tortured if returned to South Korea. *See id*. at 1156–57.

Accordingly, the Paks' petition for review is **DENIED**.